# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ROBERT E. WOODWARD,　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
ADC #166447

v.　　　　　　　　　　　　　　5:19-cv-00006-BRW-JJV

DEXTER PAYNE, Deputy Director,
Arkansas Department of Correction　　　　　　　　　　　　　　　　　　　　DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.　　Why the record made before the Magistrate Judge is inadequate.

2.　　Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Robert E. Woodward ("Plaintiff") is a convicted prisoner in the Varner Super Max Unit of the Arkansas Department of Correction ("ADC").   He has filed this action *pro se*, pursuant to 42 U.S.C. § 1983, alleging Defendant ADC Deputy Director Dexter Payne has violated his constitutional rights.   (Doc. No. 2.)   After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.   SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

Plaintiff alleges Defendant Payne has violated his constitutional rights by "rubber stamping" or affirming the denials of his prison grievances without conducting meaningful reviews. (Doc. No. 2 at 3.) A § 1983 claim must be based on the violation of a federal statute or a constitutional right. 42 U.S.C. § 1983; *Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012). It is well settled that a prison official's denial of or failure to properly respond to a grievance is not "a substantive constitutional claim." *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *see also Bilal v. Lockhart*, 5 F.3d 531 (8th Cir. 1993); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Thus, Plaintiff has failed to state a viable claim for relief against Defendant Payne.

### IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting these recommendations would not be taken in good faith.

DATED this 7th day of January 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."